# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN IVY SCOTT HARRIS,

        Plaintiff,

-vs-                      Case No. 13-CV-433

EAU CLAIRE POLICE DEPARTMENT,
DETECTIVE QUELLE,
UNKOWN, sued as Producers of WEAU 13 News,
and UNKNOWN, sued as Publishers at Leader-Telegram,

        Defendants.

## SCREENING ORDER

The plaintiff, who is incarcerated at the Kenosha County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed and paid an initial partial filing fee of $0.93.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing

2

*Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that the Eau Claire Police Department released information about the plaintiff to the Eau Claire Leader Telegram and WEAU News Station when they were looking for a suspect for the murder of Joseph Proulx. The Leader Telegram had a photograph of the plaintiff in the newspaper along with a description of him and where

3

he used to live. WEAU Channel 13 aired three times a day that the plaintiff was wanted for questioning. The Eau Claire Police Department notified "Milwaukee Homicide" to retrieve DNA from the plaintiff while he was serving time at the Kettle Moraine Correctional Institution. The plaintiff alleges that surveillance video at the M & H gas station showed that he was the last person who had indirect contact with Joseph Proulx alive.

The plaintiff claims that defamation of character resulted in mental and emotional anguish, which violated his First Amendment rights. He seeks $4 million from each defendant for the malicious accusation of Joseph Proulx's death. The plaintiff also requests that the court "allow the burden of proof which will reveal I have no involvement with the tragic and unfortunate death of Joseph Proulx." (Compl. ¶ V.)

However, the plaintiff cannot establish a civil rights violation under 42 U.S.C. § 1983 premised upon defamatory statements. To establish liability under § 1983, a civil rights plaintiff must demonstrate that the alleged misconduct (1) was committed under color of state law; and (2) deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142 (1979). There is no constitutional right to be free from defamation or slander. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) (while a State may protect against injury to reputation by virtue of its tort law, a person's reputation does not implicate a "liberty" or "property" interest of the sort protected by the Due Process Clause). Thus, while defamation may be actionable under state law, such a claim does not involve the

deprivation of any rights, privileges or immunities which are secured by the Constitution or laws of the United States. *See Paul*, 424 U.S. at 701; *Cross v. Fiscus*, 830 F.2d 755, 756–57 (7th Cir. 1987).

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff or his designee shall collect from the plaintiff's prison trust account the $349.07 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust

account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the Kenosha County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2013.

**SO ORDERED,**

*Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**

6

Case 2:13-cv-00433-RTR   Filed 06/11/13   Page 6 of 6   Document 7